IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| AOT HOLDING AG, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ARCHER DANIELS MIDLAND COMPANY, <br><br> Defendant. | Case No. 19-CV-2240-CSB-EIL <br><br> Hon. Colin S. Bruce |

**STIPULATION AND ORDER REGARDING NON-DISCOVERABILITY
OF CERTAIN EXPERT MATERIALS AND COMMUNICATIONS**

To manage expert discovery efficiently, Plaintiff AOT Holding AG, individually and on behalf of the putative class, and Defendant Archer Daniels Midland Company (collectively, "the Parties" and each a "Party"), by their respective counsel in the above-captioned action ("Action"), hereby stipulate and agree that the provisions limiting expert discovery set forth in Fed. R. Civ. P. 26 are modified as set forth below:

IT IS HEREBY ORDERED as follows:

1. For purposes of the Action, Rule 26(a)(2)(B)(ii) is modified to read: "the facts, data and other information relied on by the witness in forming them."

2. Except as provided in paragraphs 3 and 4 below, the following types of information shall not be the subject of any form of discovery and the Parties shall not be obligated to preserve such information in any form or include such information on any privilege log:

   a. the content of communications among and between:

      i. counsel and the expert and/or the expert's staff and/or supporting firms;

1

    ii. counsel and any non-testifying expert consultant and/or the consultant's staff;

    iii. the expert and other experts and/or other non-testifying expert consultants;

    iv. experts and their staff and/or supporting firms;

    v. non-testifying expert consultants and their staffs;

    vi. the respective staffs and/or supporting firms of experts or non-testifying expert consultants and the staffs and/or supporting firms of other experts or non-testifying expert consultants.

  b. notes, drafts, written communications, preliminary or intermediate calculations, computations or other data runs, or other types of preliminary work created by, for, or at the direction of a testifying expert.

  3. No Party or their experts are obligated to preserve or produce budgets, invoices, bills, receipts or time records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations.

  4. The limitations contained in paragraphs 2 and 3 above shall not apply to any communications, documents, data sets, data runs, calculations, computations or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports. Nothing in this stipulation shall permit a Party or a testifying expert to withhold any proposition, fact, belief or other data, information or material on which the expert relies in support of her or his opinion(s) in this Action.

  5. Notwithstanding the limitations contained in paragraphs 2 and 3 above, an expert may be asked to respond to reasonable questions regarding the hourly rates of the expert and his

or her staff, the amount of time an expert or that expert's staff has spent on the expert's report and associated work, and the amount of money billed for the report and associated work.

6. Within three business days of any Party serving any expert report and/or expert declaration pursuant to Fed. R. Civ. P. 26(a)(2)(B) or otherwise, the Party or Parties proffering the expert witness shall produce: the data or other information relied upon by the expert witness in forming the expert witness's opinions; any exhibits that will be used to summarize or support the expert witness's opinions; any work product (including but not limited to, analyses, spreadsheets, graphs, and charts) relied upon by the expert witness that is based on the output from any computer programs that are produced; the expert witness's qualifications, including a list of all publications authored in the previous 10 years; a list of all other cases in which, during the previous four years, the expert witness has testified as an expert at trial or by deposition; and a statement of the hourly rate to be paid for the expert witness's time in the case. "Data or other information relied upon" shall be deemed to include, but will not be limited to, underlying data, spreadsheets, computerized regression analysis and/or other underlying reports and schedules sufficient to reconstruct the work, calculations, and/or analyses upon which the expert witness is relying for his or her opinions.

7. The information required by paragraph 6 above to be produced shall be produced electronically (via email, disc or FTP site) where feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this Action shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the Parties, along with any software and instructions required to read them, but no Party need produce computer software that is reasonably and commercially

available (e.g., Excel, Stata, SAS). The information required by paragraph 6 above shall be produced regardless of whether it is publicly available or was previously produced in this Action.

8. Paragraph 6 above is not intended to limit the ability of any Party to prepare and use demonstrative exhibits, including demonstrative exhibits that may relate to an expert's testimony, during the course of any hearing or trial. The admissibility of any such demonstrative exhibits shall be subject to the Federal Rules of Evidence, the Rules of Civil Procedure, and this Court's Local Rules, unless otherwise provided by order of the Court.

9. No subpoenas (for depositions or documents) shall be served on any testifying expert from whom a report or declaration is provided. Instead, the Party proffering such expert will (a) be responsible for producing all materials and information relied on by the expert, and (b) make the expert available for deposition at a time mutually agreed to by the Parties and consistent with the Court's scheduling orders.

10. To the extent that this stipulation imposes limitations on discovery that would otherwise be available under the Federal Rules of Civil Procedure or this Court's standing orders, the Parties have agreed to those limitations to increase the efficiency of their dealings with testifying experts and to minimize discovery disputes regarding testifying experts. Neither the terms of this stipulation nor the Parties' agreement to them shall be considered an admission by any person that any of the information restricted from discovery by this stipulation would otherwise be discoverable or admissible.

11. The Parties agree to comply with this stipulation pending the Court's approval.

**SO ORDERED** the 16th day of July, 2020

                                                              /s/ Eric I. Long
                                               United States Magistrate Judge

| **WE SO MOVE**<br>**and agree to abide by the**<br>**terms of this Stipulation and Order** | **WE SO MOVE**<br>**and agree to abide by the**<br>**terms of this Stipulation and Order** |
|---|---|
| */s/ Michael E. Klenov*<br>Signature | */s/ Stephen V. D'Amore*<br>Signature |
| Michael E. Klenov<br>Printed Name<br>Counsel for Plaintiff | Stephen V. D'Amore<br>Printed Name<br>Counsel for Defendant |
| Dated: 7/10/2020 | Dated: 7/10/2020 |
| Stephen M. Tillery<br>Michael E. Klenov<br>KOREIN TILLERY LLC<br>505 North 7th Street, Suite 3600<br>St. Louis, MO 63101<br>T: (314) 241-4844<br>F: (314) 241-3525<br>stillery@koreintillery.com<br>mklenov@koreintillery.com<br><br>George A. Zelcs<br>John A. Libra<br>Chad E. Bell<br>Ryan Z. Cortazar<br>KOREIN TILLERY LLC<br>205 North Michigan Ave., Suite 1950<br>Chicago, IL 60601<br>T: (312) 641-9750<br>F: (312) 641-9751<br>gzelcs@koreintillery.com<br>jlibra@koreintillery.com<br>cbell@koreintillery.com<br>rcortazar@koreintillery.com<br><br>*Counsel for Plaintiff AOT*<br>*Holding AG and the Proposed Class* | Stephen V. D'Amore<br>George C. Lombardi<br>Samantha M. Lerner<br>Reid F. Smith<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br>sdamore@winston.com<br>glombard@winston.com<br>slerner@winston.com<br>rfsmith@winston.com<br>T: (312) 558-5600<br>F: (312) 558-5700<br><br>James C. Kearns<br>HEYL, ROYSTER, VOELKER & ALLEN<br>301 N. Neil St., Ste. 505<br>Champaign, IL 61820<br>JKearns@heylroyster.com<br>T: (217) 344-0060<br><br>*Counsel for Defendant Archer Daniels*<br>*Midland Company* |

1

# CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2020, I caused the foregoing to be served on the following by filing it with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record, including the following:

| | |
|---|---|
| George A Zelcs | Stephen M. Tillery |
| John A. Libra | Michael E. Klenov |
| Chad E. Bell | KOREIN TILLERY LLC |
| Ryan Z. Cortazar | 505 North 7th Street, Suite 3600 |
| KOREIN TILLERY LLC | St. Louis, MO 63101 |
| 205 North Michigan Ave., Suite 1950 | T: (314) 241-4844 |
| Chicago, IL 60601 | F: (314) 241-3525 |
| T: (312) 641-9750 | stillery@koreintillery.com |
| F: (312) 641-9751 | mkelnov@koreintillery.com |
| gzelcs@koreintillery.com | |
| jlibra@koreintillery.com | |
| cbell@koreintillery.com | |
| rcortazar@koreintillery.com | |

*Counsel for Plaintiff AOT Holding AG and the Proposed Class*

By: s/ *Stephen V. D'Amore*
Stephen V. D'Amore
George C. Lombardi
Samantha M. Lerner
Reid F. Smith
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
sdamore@winston.com
glombard@winston.com
slerner@winston.com
rfsmith@winston.com
T: (312) 558-5600

James C. Kearns
HEYL, ROYSTER, VOELKER & ALLEN
301 N. Neil St., Ste. 505
Champaign, IL 61820
JKearns@heylroyster.com
T: (217) 344-0060

*Counsel for Defendant Archer Daniels Midland Company*

1